**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STACEY PETERS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: |
| EARTHMED LLC and GKMP CONSULTING, INC., | ) ) ) | |
| Defendants. | ) ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

NOW COMES Plaintiff Stacey Peters ("Peters" or "Plaintiff") on behalf of herself and all others similarly situated, by and through her attorneys, and for her Class and Collective Action Complaint against Defendants EarthMed LLC and GKMP Consulting, Inc. (collectively, the "Defendants") states as follows:

**Nature of the Action**

1. Plaintiff and other similarly situated employees worked for Defendants, a cannabis company and an associated company that manages its operations, at their dispensary facilities in the Chicago suburbs, and earned cash tips. However, Defendants engaged in tip theft by keeping portions of these cash tips and distributing them to management employees — a violation of the Fair Labor Standards Act, 29 U. 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2. Plaintiff brings Count I as a Collective Action pursuant to the FLSA for tip theft.

3. Plaintiff brings Count II as a Class Action pursuant to the IWPCA for tip theft.

**Parties**

4. Plaintiff Stacey Peters worked as an hourly employee for Defendants starting in October 2023.

5. Defendant EarthMed LLC is a cannabis company engaged in the distribution and retail sale of cannabis products in Illinois.

6. Defendant GKMP Consulting Inc. is a company associated with Defendant EarthMed LCC that manages the operations of Defendant EarthMed LCC.

7. Defendants operate three retail cannabis stores in the Chicago suburbs.

8. Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

9. During the last three years, Defendants' annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

10. Defendants were the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

11. Defendants were the Plaintiff's "employer" as defined by the IWPCA. 820 ILCS 115/2.

12. Plaintiff was Defendants' "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1)

13. Plaintiff was Defendants' "employee" as that term is defined by the IWPCA. 820 ILCS 115/2.

**Jurisdiction and Venue**

14. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

15. Venue is proper in this Judicial District, as Defendants are headquartered in this Judicial District.

## Factual Allegations

16. Plaintiff Stacey Peters was employed by Defendants at their dispensary located in Addison, IL from October 2023 to October 2024.

17. The Addison dispensary was staffed by managers, "agents in charge," and hourly employees.

18. "Agents in charge" functioned as shift managers and upon information and belief, were salaried employees.

19. The Addison dispensary typically had approximately 8-24 hourly employees working per day.

20. Peters was an hourly employee who earned $16 an hour.

21. Peters worked as "budtender." Her job duties involved working the cash register, performing customer service and retail sales duties, as well as assisting with shipments.

22. Peters and other hourly employees regularly received cash tips from customers.

23. Near the end of each workday, Defendants' managers collected and combined all of the cash tips received that day, and then distributed the cash tips to employees who had worked that day in accordance with the number of hours they had worked that day.

24. Peters typically received between $11-$46 per workday in tips.

25. Shortly after beginning her employment, Peters became aware that cash tips were also being distributed to management employees.

26. Peters frequently witnessed the nightly tip distribution process and observed that management employees, including both managers and "agents in charge," were signing tip-out sheets and receiving distributions of cash tips.

27. Peters also occasionally assisted managers and "agents in charge" with the nightly tip distribution process, and observed that the managers and/or "agents in charge" overseeing the nightly tip distribution process would include themselves, and other managers, in the tip distribution pool.

28. The managers who regularly received distributions of cash tips at the end of each day included the Inventory Manager, the Marketing Manager, as well as other managers and/or "agents in charge."

29. Upon information and belief, the total cash tips received by managers and/or "agents in charge" averaged between $100-$200 per day.

30. The managers who received distributions of cash tips did not regularly work on the cash register or assist with servicing customers.

31. Defendants' policy or practice of allowing managers to keep portions of employee tips violates the FLSA, which provides that: (B) An employer may not keep tips received by its employees for any purposes, *including allowing managers or supervisors to keep any portion of employees' tips*, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m)(2)(B) (emphasis added).

32. Additionally, the applicable FLSA regulations provide that:

Section 3(m)(2)(B) of the Act provides that an employee provides that an employer may not keep tips received by its employees for any purposes, regardless of whether the employer takes a tip credit.

> (1) An employer may exert control over an employee's tips only to distribute tips to the employee who received them, require employees to share tips with other employees in

>compliance with § 531.54, or, where the employer facilitates tip pooling by collecting and redistributing employees' tips, distribute tips to employees in a tip pool in compliance with § 531.54.
>
>(2) An employer may not allow managers and supervisors to keep any portion of an employee's tips, regardless of whether the employer takes a tip credit. A manager or supervisor may keep tips that he or she receives directly from customers based on the service that he or she directly and solely provides. For purposes of section 3(m)(2)(B), the term "manager" or "supervisor" shall mean any employee whose duties match those of an executive employee as described in § 541.100(a)(2) through (4) or § 541.101 of this chapter.

29 C.F.R. § 531.52.

33. Upon information and belief, Defendants' tip theft practices/policies predated the start of Peters' employment in October 2023.

34. Upon information and belief, Defendants' tip theft practices/policies were not confined to the Addison, IL dispensary, but rather, were also in place at Defendants' other two locations.

## Collective and Class Allegations

35. Plaintiff seeks to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. P. 23 on behalf of herself and all other non-exempt employees who did not receive all of their tips.

36. Defendants regularly kept portions of the tips to which Plaintiff and other similarly situated current and former employees in the asserted class were entitled and distributed them to management employees.

37. Plaintiff and asserted members of the Collective and Class are similarly situated because, *inter alia*, they all had portions of their tips withheld from their pay and distributed to management employees.

38. Defendants have encouraged, permitted, and required the Class and Collective to work while withholding portions of their tips and providing such tips to management employees.

39. Defendants have known that Plaintiff and other members of the Class and Collective have been deprived of their full tip compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiff and the Class and Collective their full tip compensation.

40. There are estimated to be dozens of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

41. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the tips actually paid, or not paid, to such employees.

42. Plaintiff will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

### COUNT I - FAIR LABOR STANDARDS ACT
**(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

43. The Plaintiff re-alleges and incorporates by reference paragraphs 1-42.

44. This Count arises from Defendants' violation of the FLSA through its policy and practice of keeping portions of the cash tips earned by Plaintiff and the Collective Class and providing them to management employees.

45. The FLSA prohibits employers from keeping tips received by its employees, regardless of whether the employer takes a tip credit. 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.52.

46. Plaintiff and the Collective Class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) in that Defendants subjected them to the same tip theft policy.

47. The confiscation or theft of these earned and owed tips resulted in Plaintiff and the Collective Class receiving less tips than were owed to them pursuant to the FLSA.

48. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damages by a defendant's failure to comply with 29 U.S.C. §§ 206-207. Peters attaches as Exhibit 1 her Notice of Consent to Become a Party Plaintiff in an FLSA Collective Action.

49. All past and present hourly employees who have worked for Defendants in Illinois during the past three years are similarly situated to Plaintiff.

50. Defendants applied their compensation policies, which violate the FLSA, on a company-wide basis, including towards Plaintiff.

51. Defendant EarthMed LLC was previously sued in a class and collective action lawsuit alleging wage and hour violations, including violations of the FLSA for unpaid overtime and tip theft. See *Mair v. EarthMed, LLC*, 19-cv-08107 (N.D. Ill., Dec. 11, 2019). In June 2022, final approval of a settlement agreement was entered in that matter in which Defendant EarthMed LLC agreed to pay a total amount of $614,449.84 to resolve the lawsuit.

52. Defendants' failure to pay Plaintiff and the Collective Class their tips owed to them is a willful violation of the FLSA, since Defendants' conduct shows that they either knew the conduct violated the FLSA or recklessly disregarded complying with the FLSA.

53. Plaintiff brings this action on her own behalf and on behalf of others similarly situated, including all hourly employees who performed work for Defendants within the last three (3) years and did not receive all of their earned tips and who choose to opt into this matter pursuant to the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

a. That all individuals who performed work for Defendants in the State of Illinois and did not receive did not receive all of their earned tips be granted leave to opt into this matter in accordance with 29 U.S.C. §216(b);

b. Awarding judgment for back pay equal to the amount of all unpaid tip compensation for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

c. Liquidated damages in an amount equal to the amount of unpaid tip compensation for which Plaintiff and the opt-in Plaintiffs are found to be due and owing;

d. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

e. Such other relief as this Court deems just and equitable.

### COUNT II – ILLINOIS WAGE PAYMENT AND COLLECTION ACT
**(Plaintiff Individually and on Behalf of All  
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)**

54. The Plaintiff re-alleges and incorporates by reference paragraphs 1-52.

55. This count arises from Defendants' violation of the gratuity compensation provisions of the IWPCA. 820 ILCS § 115/4.1.

56. The IWPCA requires employers to pay their employees according to their agreements and to pay employees all earned wages or final compensation. 820 ILCS § 115/2.

8

Under the IWPCA, "(a) Gratuities to employees are the property of the employees, and employers shall not keep gratuities. Failure to pay gratuities owed to an employee more than 13 days after the end of the pay period in which such gratuities were earned constitutes a violation of this Act." 820 ILCS § 115/4.1.

57. Defendants kept portions of tips earned by Plaintiff and the IWPCA Class and distributed such tips to management employees.

58. Under the IWPCA "employer" is defines as "any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." 820 ILCS 115/2. As such, Defendants' management and supervisors are "employers" as defined by the IWPCA. Defendants' policy and practice of distributing tip pool funds to supervisors and managers violated the IWPCA prohibition of employers keeping employee gratuities.

59. As a result of this unlawful tip theft, Plaintiff and the IWPCA Class suffered damages in the form of lost wages.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

a. Determining this this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

b. Appointing Peters as Class Representative and their Counsel as Class Counsel;

c. Awarding judgment for back pay equal to the amount of all unpaid tip compensation in accordance with the IWPCA;

d. Statutory damages equivalent to the maximum statutory monthly interest penalties available pursuant to 820 ILCS 115/14;

e. Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

f. Such other relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including the FLSA claims.

Dated: October 31, 2024                                    Respectfully submitted,

                                                           By:/s/ *Martin Stainthorp*
                                                              One of Plaintiffs' Attorneys

John Kunze (ARDC # 6322643)
Martin Stainthorp (ARDC #6339722)
Workplace Law Partners
155 N. Michigan Avenue, Suite 719
Chicago, IL 60601
(312) 861-1800
kunze@fishlawfirm.com
mstainthorp@fishlawfirm.com
docketing@fishlawfirm.com

*Attorneys for Plaintiffs*