IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACEY PETERS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>EARTHMED LLC and GKMP CONSULTING, INC.,<br><br>        Defendants. | Case No.: 1:24-cv-11255 |

**DEFENDANTS, EARTHMED LLC AND
GKMP CONSULTING INC'S ANSWER TO PLAINTIFF'S CLASS
AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COME Defendants, EARTHMED LLC ("EarthMed") and GKMP CONSULTING, INC. ("GKMP") (collectively "Defendants"), by and through their attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, and in answer to Plaintiff's Class and Collective Action Complaint, states as follows:

**Nature of the Action**

1. Plaintiff and other similarly situated employees worked for Defendants, a cannabis company and an associated company that manages its operations, at their dispensary facilities in the Chicago suburbs, and earned cash tips. However, Defendants engaged in tip theft by keeping portions of these cash tips and distributing them to management employees — a violation of the Fair Labor Standards Act, 29 U. 29 U.S.C. § 201 et seq. ("FLSA"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA").

**ANSWER: Defendants admit only that Plaintiff was previously employed by EarthMed, and that EarthMed operates recreational and medical cannabis dispensaries in the Chicago**

1

Suburbs. Defendants deny that Plaintiff was ever employed by GKMP Consulting, Inc. ("GKMP") or that EarthMed or GKMP ever engaged in tip theft or violated the Fair Labor Standards Act, 29 USC § 201 et seq. ("FLSA"), or violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA"). Defendants deny all remaining allegations contained in paragraph 1.

2. Plaintiff brings Count I as a Collective Action pursuant to the FLSA for tip theft.

**ANSWER: Defendants admit only that Plaintiff's claim is based upon the FLSA but deny any liability pursuant thereto. Defendants deny all remaining allegations contained in paragraph 2.**

3. Plaintiff brings Count II as a Class Action pursuant to the IWPCA for tip theft.

**ANSWER: Defendants admit only that Plaintiff's claim is based upon the IWPCA but deny any liability pursuant thereto. Defendants deny all remaining allegations contained in paragraph 3.**

## Parties

4. Plaintiff Stacey Peters worked as an hourly employee for Defendants starting in October 2023.

**ANSWER: Defendants admit that Stacey Peters worked as an hourly employee for EarthMed starting in October 2023 but deny that Stacey Peters was ever an employee of GKMP. Defendants deny all remaining allegations contained in paragraph 4.**

5. Defendant EarthMed LLC is a cannabis company engaged in the distribution and retail sale of cannabis products in Illinois.

**ANSWER: Defendants deny that the allegations contained in paragraph 5 accurately describe or summarize EarthMed or its operations. Defendants admit that EarthMed**

**operates recreational and medical cannabis dispensaries in Illinois, and deny all remaining allegations contained in paragraph 5.**

6. Defendant GKMP Consulting Inc. is a company associated with Defendant EarthMed LCC that manages the operations of Defendant EarthMed LCC.

**ANSWER: Defendants deny that the allegations contained in paragraph 6 accurately describe or summarize GKMP. Defendants admit that GKMP provides management services to EarthMed. Defendants deny all remaining allegations contained in paragraph 6.**

7. Defendants operate three retail cannabis stores in the Chicago suburbs.

**ANSWER: Defendants admit that it operates three marijuana dispensaries in the Chicago area. Defendants deny all remaining allegations contained in paragraph 7.**

8. Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

**ANSWER: Defendants deny the allegations contained in paragraph 8.**

9. During the last three years, Defendants' annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

**ANSWER: Defendants admit that EarthMed's annual gross volume of sales or business done exceeded $500,000, exclusive of excise tax. Defendants deny that GKMP's annual gross volume of sales or business done exceeded $500,000, exclusive of excise tax. Defendants deny all remaining allegations contained in paragraph 9.**

10. Defendants were the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

**ANSWER: Defendants admit that EarthMed was previously Plaintiff's employer as defined by the FLSA, 29 USC § 203(d). Defendants deny that GKMP was ever Plaintiff's employer as defined by the FLSA, 29 USC § 203(d).**

11. Defendants were the Plaintiff's "employer" as defined by the IWPCA. 820 ILCS 115/2.

**ANSWER: Defendants admit that EarthMed was previously Plaintiff's employer as defined by the IWPCA. 820 ILCS 115/2. Defendants deny that GKMP was ever Plaintiff's employer as defined by the IWPCA. 820 ILCS 115/2.**

12. Plaintiff was Defendants' "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1)

**ANSWER: Defendants admit that Plaintiff was previously EarthMed's employee as defined by the FLSA, 29 USC § 203(e)(1). Defendants deny that Plaintiff was ever GKMP's employee as defined by the FLSA, 29 USC § 203(e)(1).**

13. Plaintiff was Defendants' "employee" as that term is defined by the IWPCA. 820 ILCS 115/2.

**ANSWER: Defendants admit that Plaintiff was previously EarthMed's employee as defined by the IWPCA. 820 ILCS 115/2. Defendants deny that Plaintiff was ever GKMP's employee as defined by the IWPCA. 820 ILCS 115/2.**

### Jurisdiction and Venue

14. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

**ANSWER: Defendants admit the allegations contained in paragraph 14.**

15. Venue is proper in this Judicial District, as Defendants are headquartered in this

4

Judicial District.

**ANSWER: Defendants lack information or belief sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the allegations contained in paragraph 15**

### Factual Allegations

16. Plaintiff Stacey Peters was employed by Defendants at their dispensary located in Addison, IL from October 2023 to October 2024.

**ANSWER: Defendants admit that Plaintiff was employed by EarthMed between October 2023 and October 2024 at the EarthMed dispensary located in Addison, IL. Defendants deny all remaining allegations contained in paragraph 16.**

17. The Addison dispensary was staffed by managers, "agents in charge," and hourly employees.

**ANSWER: Defendants deny the allegations contained in paragraph 17.**

18. "Agents in charge" functioned as shift managers and upon information and belief, were salaried employees.

**ANSWER: Defendants admit that Agents in Charge are salaried employees of EarthMed. Defendants deny all remaining allegations contained in paragraph 18.**

19. The Addison dispensary typically had approximately 8-24 hourly employees working per day.

**ANSWER: Defendants deny the allegations contained in paragraph 19.**

20. Peters was an hourly employee who earned $16 an hour.

**ANSWER: Defendants admit that Plaintiff was an hourly employee of EarthMed and earned $16 an hour. Defendants deny all remaining allegations contained in paragraph 20.**

5

21. Peters worked as "budtender." Her job duties involved working the cash register, performing customer service and retail sales duties, as well as assisting with shipments.

**ANSWER: Defendants admit that Plaintiff was employed by EarthMed as a Dispensing Agent, a position also known as "Budtender." Defendants deny all remaining allegations contained in paragraph 21.**

22. Peters and other hourly employees regularly received cash tips from customers.

**ANSWER: Defendants admit the allegations contained in paragraph 22.**

23. Near the end of each workday, Defendants' managers collected and combined all of the cash tips received that day, and then distributed the cash tips to employees who had worked that day in accordance with the number of hours they had worked that day.

**ANSWER: Defendants deny the allegations contained in paragraph 23.**

24. Peters typically received between $11-$46 per workday in tips.

**ANSWER: Defendants deny the allegations contained in paragraph 24.**

25. Shortly after beginning her employment, Peters became aware that cash tips were also being distributed to management employees.

**ANSWER: Defendants lack information or belief sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations contained in paragraph 25.**

26. Peters frequently witnessed the nightly tip distribution process and observed that management employees, including both managers and "agents in charge," were signing tip-out sheets and receiving distributions of cash tips.

**ANSWER: Defendants lack information or belief sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations contained in paragraph 26.**

27. Peters also occasionally assisted managers and "agents in charge" with the nightly tip distribution process and observed that the managers and/or "agents in charge" overseeing the nightly tip distribution process would include themselves, and other managers, in the tip distribution pool.

**ANSWER: Defendants lack information or belief sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations contained in paragraph 27.**

28. The managers who regularly received distributions of cash tips at the end of each day included the Inventory Manager, the Marketing Manager, as well as other managers and/or "agents in charge."

**ANSWER: Defendants deny the allegations contained in paragraph 28.**

29. Upon information and belief, the total cash tips received by managers and/or "agents in charge" averaged between $100-$200 per day.

**ANSWER: Defendants deny the allegations contained in paragraph 29.**

30. The managers who received distributions of cash tips did not regularly work on the cash register or assist with servicing customers.

**ANSWER: Defendants deny the allegations contained in paragraph 30.**

31. Defendants' policy or practice of allowing managers to keep portions of employee tips violates the FLSA, which provides that: (B) An employer may not keep tips received by its

7

employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m)(2)(B) (emphasis added).

**ANSWER: Defendants deny the allegations contained in paragraph 31.**

32. Additionally, the applicable FLSA regulations provide that:

Section 3(m)(2)(B) of the Act provides that an employee provides that an employer may not keep tips received by its employees for any purposes, regardless of whether the employer takes a tip credit.

> (1) An employer may exert control over an employee's tips only to distribute tips to the employee who received them, require employees to share tips with other employees in compliance with § 531.54, or, where the employer facilitates tip pooling by collecting and redistributing employees' tips, distribute tips to employees in a tip pool in compliance with § 531.54.
>
> (2) An employer may not allow managers and supervisors to keep any portion of an employee's tips, regardless of whether the employer takes a tip credit. A manager or supervisor may keep tips that he or she receives directly from customers based on the service that he or she directly and solely provides. For purposes of section 3(m)(2)(B), the term "manager" or "supervisor" shall mean any employee whose duties match those of an executive employee as described in § 541.100(a)(2) through (4) or § 541.101 of this chapter.

29 C.F.R. § 531.52.

**ANSWER: Defendants admit that paragraph 32 quotes a portion of 29 C.F.R. § 531.52 but denies that Defendants have violated 29 C.F.R. § 531.52, the Fair Labor Standards Act or its regulations.**

33. Upon information and belief, Defendants' tip theft practices/policies predated the start of Peters' employment in October 2023.

**ANSWER: Defendants deny the allegations contained in paragraph 33.**

8

34. Upon information and belief, Defendants' tip theft practices/policies were not confined to the Addison, IL dispensary, but rather, were also in place at Defendants' other two locations.

**ANSWER: Defendants deny the allegations contained in paragraph 34.**

### Collective and Class Allegations

35. Plaintiff seeks to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. P. 23 on behalf of herself and all other non-exempt employees who did not receive all of their tips.

**ANSWER: Defendants admit that Plaintiff filed this lawsuit pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23. Defendants deny that this case is suitable for class treatment under Fed. R. Civ. P. 23 and deny all remaining allegations contained in paragraph 35.**

36. Defendants regularly kept portions of the tips to which Plaintiff and other similarly situated current and former employees in the asserted class were entitled and distributed them to management employees.

**ANSWER: Defendants deny the allegations contained in paragraph 36.**

37. Plaintiff and asserted members of the Collective and Class are similarly situated because, inter alia, they all had portions of their tips withheld from their pay and distributed to management employees.

**ANSWER: Defendants deny the allegations contained in paragraph 37.**

38. Defendants have encouraged, permitted, and required the Class and Collective to work while withholding portions of their tips and providing such tips to management employees.

**ANSWER: Defendants deny the allegations contained in paragraph 38.**

39. Defendants have known that Plaintiff and other members of the Class and Collective have been deprived of their full tip compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiff and the Class and Collective their full tip compensation.

**ANSWER: Defendants deny the allegations contained in paragraph 39.**

40. There are estimated to be dozens of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

**ANSWER: Defendants deny the allegations contained in paragraph 40.**

41. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the tips actually paid, or not paid, to such employees.

**ANSWER: Defendants deny that paragraph 41 accurately states or summarizes what Defendants "should" do. Defendants deny the remaining allegations contained in paragraph 41.**

42. Plaintiff will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

**ANSWER: Defendants lack information or belief sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations contained in paragraph 42.**

**COUNT I - FAIR LABOR STANDARDS ACT**
(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)

43. The Plaintiff re-alleges and incorporates by reference paragraphs 1-42.

**ANSWER: Defendants restate and incorporate their responses to paragraphs 1-42 as though fully stated here.**

44. This Count arises from Defendants' violation of the FLSA through its policy and practice of keeping portions of the cash tips earned by Plaintiff and the Collective Class and providing them to management employees.

**ANSWER: Defendants deny the allegations contained in paragraph 44.**

45. The FLSA prohibits employers from keeping tips received by its employees, regardless of whether the employer takes a tip credit. 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.52.

**ANSWER: Defendants deny that paragraph 45 accurately quotes or summarizes the contents of the laws and regulations referred to in paragraph 45. Defendants deny all remaining allegations contained in paragraph 45.**

46. Plaintiff and the Collective Class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) in that Defendants subjected them to the same tip theft policy.

**ANSWER: Defendants deny the allegations contained in paragraph 46.**

47. The confiscation or theft of these earned and owed tips resulted in Plaintiff and the Collective Class receiving less tips than were owed to them pursuant to the FLSA.

**ANSWER: Defendants deny the allegations contained in paragraph 47.**

48. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damages by a defendant's failure to comply with 29 U.S.C. §§ 206-207. Peters attaches as Exhibit 1 her Notice of Consent to Become a Party Plaintiff in an FLSA Collective Action.

**ANSWER: Defendants deny the remaining allegations contained in paragraph 48.**

49. All past and present hourly employees who have worked for Defendants in Illinois during the past three years are similarly situated to Plaintiff.

**ANSWER: Defendants deny the allegations contained in paragraph 49.**

50. Defendants applied their compensation policies, which violate the FLSA, on a company-wide basis, including towards Plaintiff.

**ANSWER: Defendants deny the allegations contained in paragraph 50.**

51. Defendant EarthMed LLC was previously sued in a class and collective action lawsuit alleging wage and hour violations, including violations of the FLSA for unpaid overtime and tip theft. See Mair v. EarthMed, LLC, 19-cv-08107 (N.D. Ill., Dec. 11, 2019). In June 2022, final approval of a settlement agreement was entered in that matter in which Defendant EarthMed LLC agreed to pay a total amount of $614,449.84 to resolve the lawsuit. Defendants' failure to pay Plaintiff and the Collective Class their tips owed to them is a willful violation of the FLSA, since Defendants' conduct shows that they either knew the conduct violated the FLSA or recklessly disregarded complying with the FLSA.

**ANSWER: Defendants admit that EarthMed was a defendant in the lawsuit captioned *Mair v. EarthMed, LLC*, 19-cv-08107 and deny all remaining allegations contained in paragraph 52.**

53. Plaintiff brings this action on her own behalf and on behalf of others similarly situated, including all hourly employees who performed work for Defendants within the last three (3) years and did not receive all of their earned tips and who choose to opt into this matter pursuant to the FLSA, 29 U.S.C. §216(b).

**ANSWER: Defendants deny the allegations contained in paragraph 53.**

## COUNT II – ILLINOIS WAGE PAYMENT AND COLLECTION ACT

**(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)**

54. The Plaintiff re-alleges and incorporates by reference paragraphs 1-52.

**ANSWER: Defendants restate and incorporate their responses to paragraphs 1-53 as though fully stated here.**

55. This count arises from Defendants' violation of the gratuity compensation provisions of the IWPCA. 820 ILCS § 115/4.1.

**ANSWER: Defendants deny the allegations contained in paragraph 55.**

56. The IWPCA requires employers to pay their employees according to their agreements and to pay employees all earned wages or final compensation. 820 ILCS § 115/2. Under the IWPCA, "(a) Gratuities to employees are the property of the employees, and employers shall not keep gratuities. Failure to pay gratuities owed to an employee more than 13 days after the end of the pay period in which such gratuities were earned constitutes a violation of this Act." 820 ILCS § 115/4.1.

**ANSWER: Defendants admit that paragraph 56 quotes a portion of 820 ILCS § 115/4.1 and deny that paragraph 56 accurately quotes and summarizes 820 ILCS § 115/2. Defendants deny all remaining allegations contained in paragraph 56.**

57. Defendants kept portions of tips earned by Plaintiff and the IWPCA Class and distributed such tips to management employees.

**ANSWER: Defendants deny the allegations contained in paragraph 57.**

58. Under the IWPCA "employer" is defines as "any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." 820 ILCS 115/2. As such, Defendants' management and supervisors are "employers" as defined by the IWPCA. Defendants' policy and practice of distributing tip pool funds to supervisors and managers violated the IWPCA prohibition of employers keeping employee gratuities.

**ANSWER: Defendants admit that paragraph 58 quotes 820 ILCS § 115/2. Defendants deny all remaining allegations contained in paragraph 58.**

59. As a result of this unlawful tip theft, Plaintiff and the IWPCA Class suffered damages in the form of lost wages.

**ANSWER: Defendants deny the allegations contained in paragraph 59.**

WHEREFORE, Defendants, EARTHMED LLC and GKMP CONSULTING Inc., deny that Plaintiff and any putative class members are entitled to any relief sought in their Class Action Complaint and deny any remaining allegations not expressly admitted herein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendants, EARTHMED LLC and GKMP CONSULTING, INC., hereby state the following affirmative and additional defenses to the Class Action Complaint, but they do not assume the burden of proof on any such defenses except as required by law with respect to the

particular defense asserted. Defendants reserve the right to assert other affirmative or additional defenses, modify the defenses below, and/or otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate. Defendants, by their attorneys, state as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, as untimely under the applicable statute(s) of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of the putative class members are barred to the extent that Plaintiff and the putative class members have failed to exhaust their respective administrative remedies, conditions precedent, and/or statutory prerequisites.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant GKMP is not an employer of the Plaintiff or the putative class members under the statutes pursuant to which Plaintiff's claims are brought.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants are not covered under the statutes pursuant to which Plaintiff's claims are brought.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants invoke the defenses, protections and limitations of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et. seq., and/or the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), et. seq.

**SEVENTH AFFIRMATIVE DEFENSE**

At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA and/or the IWPCA.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA and/or the IWPCA.

**NINTH AFFIRMATIVE DEFENSE**

Defendants did not retain and/or distribute any gratuities to any individuals ineligible to receive tips pursuant to FLSA, IWPCA or any other applicable law.

**TENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff and members of the putative class may seek punitive damages, their recovery is limited by applicable provisions of the FLSA, the IWPCA and/or the United States Constitution. Any award of punitive damages to Plaintiff and/or putative class members in this case would be in violation of the FLSA, the IWPCA and/or constitutional safeguards provided to Defendants under those laws. Moreover, neither the Plaintiff, nor the putative class members, are entitled to recover liquidated damages because Defendants nor any of its agents committed any oppressive, willful, wanton, fraudulent, or malicious act or ratified any such act with respect to Plaintiff or the putative class members.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff, or members of the putative class, was compensated beyond her actual entitlement, such additional compensation would satisfy in whole or in part the claims alleged herein.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of putative class members are barred because Defendants' actions were in good faith reliance on the direction and approval of the court in the litigation captioned *Mair v. EarthMed, LLC*, 19-cv-08107.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of putative class members are barred because the Plaintiff and the putative class members have failed to mitigate their alleged damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of putative class members are barred because Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the United States Department of Labor and/or the Illinois Department of Labor.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of putative class members are barred, and any recovery of damages is precluded to the extent that Plaintiff's claims and claims of putative class members are barred by the doctrines of accord, satisfaction, release, waiver, estoppel, laches, or ratification.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative class members are not entitled to any relief requested because, even if any unlawful practice(s) occurred, such practice(s) were prohibited by Defendants' policies and not committed, countenanced, ratified, or approved by higher management in Defendants' corporate structures.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of putative class members are not suitable for class

17

treatment under Federal Rule of Civil Procedure 23 because neither Plaintiff nor her counsel can adequately represent the interests of the putative class.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members are barred because their claims were released in whole or in part in the class settlement in the litigation captioned *Mair v. EarthMed*, LLC, 19-cv-08107.

## NINETEENTH AFFIRMATIVE DEFENSE

Any claims of Plaintiff and/or the putative class members in existence on or before the court approval date of the class settlement agreement in *Mair v. EarthMed, LLC*, 19-cv-08107 are released and waived.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members are barred because Defendants' actions were in good faith reliance on the direction and approval of the court in the litigation captioned *Mair v. EarthMed, LLC*, 19-cv-08107.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members are barred because Defendants' actions were in good faith reliance on the direction and approval of Plaintiff and class counsel in in the litigation captioned *Mair v. EarthMed, LLC*, 19-cv-08107.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part to the extent she has suffered no damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Plaintiff has failed to mitigate her alleged damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants reserve the right to add or assert further additional affirmative defenses in response to Plaintiff's claims as subsequent investigation and discovery dictate.

### PRAYER FOR RELIEF

WHEREFORE, Defendants, EARTHMED LLC and GKMP CONSULTING INC., respectfully request that the Court dismiss Plaintiff's Class Action Complaint with prejudice, enter judgment in Defendants' favor on each of their Affirmative Defenses, award Defendants their attorneys' fees and costs and award all further relief in favor of Defendants as is just and proper.

Dated: February 24, 2025　　　　　　　　　Respectfully submitted,

*/s/ Mark W. Guest*
Mark W. Guest
Stephen L. Sitley
Natalie M. Fouque
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
T (312) 345-1718/F (312) 345-1778
Mark.Guest@lewisbrisbois.com
Stephen.Sitley@lewisbrisbois.com
Natalie.Fouque@lewisbrisbois.com
***Attorneys for* Defendants**

## JURY DEMAND

Defendants, EARTHMED LLC and GKMP CONSULTING, INC., by counsel, demand a trial by jury.

Respectfully submitted,

*/s/ Mark W. Guest*
Mark W. Guest
Stephen L. Sitley
Natalie M. Fouque
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
T (312) 345-1718/F (312) 345-1778
Mark.Guest@lewisbrisbois.com
Stephen.Sitley@lewisbrisbois.com
Natalie.Fouque@lewisbrisbois.com
*Attorneys for* **Defendants**