**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STACEY PETERS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 24-cv-11255 |
| EARTHMED LLC and GKMP CONSULTING, INC., | ) ) ) | |
| Defendants. | ) ) | |

**<u>PRELIMINARY APPROVAL ORDER</u>**

The Parties have applied, pursuant to Rule Federal Rule of Civil Procedure 23(e) for an order approving settlement of the claims alleged in this litigation, in accordance with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action and Collective Action Settlement and For Certification of Claims Pursuant to F.R.C.P. 23 for Settlement (collectively the "Preliminary Approval Motion"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the claims against Defendants and for dismissal of this litigation against Defendants upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits annexed thereto. IT IS HEREBY ORDERED:

1.      The Court hereby preliminarily approves the settlement set forth in the Joint Stipulation of Settlement and Release Agreement (the "Settlement Agreement") as being fair, reasonable and adequate, and in the best interest of Plaintiff's and those persons that are identified on Exhibit A to the Settlement Agreement (the "Class Members").

2.      The Court certifies on a preliminary basis the following Illinois Minimum Wage Law ("IMWL") class pursuant to Fed. R. Civ. P. 23 for settlement purposes only. The Rule 23 Class is

**Error! Unknown document property name.**

defined as: the Named Plaintiff and persons employed as hourly non-exempt employees by Defendants between 6/22/2022 and preliminary approval of this Agreement, who are identified in the payroll data produced by Defendants to Class Counsel and who are identified on Exhibit A to this Agreement and who have not excluded themselves from this settlement. The decision to grant or deny final IMWL Class Certification to occur after the fairness hearing.

3.    The Court conditionally certifies the following Fair Labor Standards Act ("FLSA") collective for settlement purposes pursuant to 29 U.S.C. § 216(b): the Named Plaintiff and persons employed as hourly non-exempt employees by Defendants between 6/22/2022 and preliminary approval of this Agreement, who were identified in the payroll data produced by Defendants who are identified on Exhibit A to this Agreement and who timely submit requests FLSA opt-in forms pursuant to the Notice. The FLSA Collective Members already include those individuals who already submitted consents to join, including, Stacey Peters.

4.    A Fairness Hearing shall be held before this Court at 9:30 a.m.. on July 16, 2026, at the United States District Court,  Northern District of Illinois, 219 South Dearborn Street, Chicago IL 60604 to determine finally whether the proposed settlement of this litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Class, and should be approved by the Court, and whether a Final Approval Order and Final Judgment of Dismissal should be entered. Plaintiff shall file a motion seeking final approval and their request for attorney fees at least fourteen days prior to end of the Notice Period.

5.    The Court approves, as to form and content, the Settlement Notice that is attached to the Agreement as it complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States and any other applicable laws.

6.    Workplace Law Partners, P.C. is appointed as Class Counsel for the Class and Collective Action Members for settlement purposes.

2

7.      Stacey Peters is appointed as the representative Plaintiff in this class and collective action for settlement purposes.

8.      With regard to distribution of the Settlement Notice, Class Counsel and Defendants are hereby directed and authorized to effectuate notice as called for in the Settlement Agreement and the Defendants shall provide to Class Counsel and the Settlement Administrator the information provided for in the Settlement Agreement by the deadlines required therein. The Court authorizes the utilization of a settlement administrator as called for in the parties' Settlement Agreement.

9.      Any Class Member wishing to oppose or contest the approval of the Agreement, or the judgment to be entered thereon if the same is approved, must comply with the procedures set forth in the Settlement Notice. Any Settlement Class Member who has served and filed an objection as set forth therein may appear at the Fairness Hearing and show cause to the Court, if he or she has any, why the proposed settlement of this litigation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon. Any Settlement Class Member who does not make an objection in the manner provided herein shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed settlement. The date by when any objections to the Settlement must be made and by when a Settlement Class Member may opt out of the Settlement Class is set for thirty days from the date of Notice mailing. The date by which FLSA Collective Members must submit a Claim Form is set for 60 days from the date of Notice Mailing.

IT IS SO ORDERED this 31st day of March, 2026

_____
JEREMY C. DANIEL
United States District Judge

3